[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from the judgment entry of the Common Pleas Court of Wyandot County of June 3, 1998, granting summary judgment to two of twelve defendants, Anne Denman and Stella Sherard, and dismissing the complaint as to them.
Appellant Misurca's sole assignment of error is:
 The trial court abused its discretion and committed reversible error when it granted summary judgment to Defendant/Appellees Anne Denman and Stella Sherard.
Appellant claims that the trial court should not have granted summary judgment because genuine issues of material fact existed relative to whether said defendant/appellees aided and abetted the false arrest of appellant Misurca and whether appellee Denman made defamatory statements about appellant.
Appellant claims that on September 26, 1996, he arrived in Upper Sandusky with no place to stay and went to the Community Action Resource Center located at South School in Upper Sandusky where in an effort to obtain housing, he spoke to appellee Denman, who was employed there. Appellant states that he was told by Denman that there was no housing available and that he would have to leave Wyandot County.
Appellant further states that sometime later Denman summoned a sheriff's deputy and reported to him that appellant was bothering school children. The deputy told appellant he would have to leave Wyandot County because he was homeless. The sheriff then arrived on the scene, put a "scissors" lock on appellant and shoved him into the patrol car. Appellant was then transported to Hancock County and was never arrested but was dropped off at an intersection in Hancock County.
Appellant's claim against appellee Sherard is apparently based upon the doctrine of respondeat superior, Sherard being Denman's employer.
On May 4, 1998, Denman and Sherard filed a motion for summary judgment and appellant Misurca filed his response thereto on May 26, 1998. The motion was submitted to the trial court without oral hearing on June 15, 1998.
Appellant claims the trial court abused its discretion in granting summary judgment. A trial court abuses its discretion when it makes a decision which is more than an error of judgment in law. Rather, abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718,720. Accordingly, we apply the same standard for summary judgment as the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is proper:
 when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party.
 Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87.
While appellant in his response to the motion for summary judgment merely continues to allege that Denman, and her employer Sherard by virtue of the doctrine of respondeat superior, pre-arranged for the sheriff's deputy to appear and unlawfully transport appellant from Wyandot County, thereby aiding and abetting in the false imprisonment of appellant, he offers no proof of such allegations. Nor does he offer proof of the defamation by Denman.
On the other hand, Sherard attaches her affidavit stating that while in her employment at the Community Action Commission, she is only the direct supervisor of Denman, and she was not present at South School on October 7, 1996, and had no knowledge of the events which appellant alleges are the basis for his action until after the time of the events. She further states that she has had no contact with appellant and did not contact or instruct Denman to contact the sheriff's department regarding appellant.
Denman states in her affidavit that, in an effort to assist appellant, she contacted the sheriff's department to arrange for appellant to have transportation to the Findlay, Ohio homeless shelter. Denman further states in her affidavit that she made no statement to any party regarding appellant bothering children or in any attempt to have appellant arrested. Appellant left her presence of his own free will.
If a party moving for summary judgment satisfies its initial burden of demonstrating by means of materials filed in accordance with Civ.R. 56 that there is no genuine issue of material fact on the essential elements of nonmoving party's claims, then the nonmoving party has the reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Dresher v.Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.
After construing the evidence most strongly in favor of appellant, this court finds no evidence presented by appellant which counters the evidence presented by appellees in their affidavits. Thus, we find that the trial court did not abuse its discretion and, we therefore overrule the assignment of error and affirm the judgment of the trial court in granting summary judgment in favor of appellees.
Judgment affirmed.
 SHAW, P.J. and BRYANT, J. concur.