OPINION
The plaintiffs-appellants, A.J. Marshall, Carol Marshall, and Timothy Marshall ("appellants"), appeal the judgment of the Allen County Court of Common Pleas granting summary judgment in favor of Howard Glass Mirror Co. dba Davis Glass 
Mirror Co. ("Howard Glass"). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. On May 24, 1996, Appellant A.J. Marshall, a minor, was roller-skating at the Edgewood Skate Arena in Lima, Ohio and was injured when his hand crashed through a mirrored glass box attached to the wall of the skating rink. At the time of the incident, A.J. was playing a game of "roller skating tag" with three friends, including third-party defendant Anthony Larry, and A.J. collided with the mirrored wall after Larry "tagged" him by pushing from behind.
The wall at issue is composed of cinder block and the upper half is the mirrored box. The mirrored box system is known as an "infinity mirror" because it gives the illusion of great depth. The box is composed of a one-way mirror attached directly to the wall. Attached to the one-way mirror is a series of two inch-by-two inch boards, which are spaced approximately two feet apart. Between each board is a string of lights. Finally, attached to the boards is a quarter-inch thick two-way mirror, leaving a two inch gap between the back of the two-way mirror and the front of the one-way mirror. When A.J. crashed into the box, his hand went through the front of the two-way mirror and into the empty space between the mirrors, severing a nerve and lacerating several tendons and arteries.
The "infinity mirror" had been constructed some fifteen years earlier. It was designed by the then co-owner of Edgewood Skate Arena, Jerid Ray, based upon a similar design he had seen in another skating rink. The mirrors required in Ray's design were installed by Howard Glass. John Patrick Howard, the employee of Howard Glass who did the actual installation, testified in his deposition that Ray both designed and constructed the box and lighting system and that Howard Glass' role was limited to the installation of the mirrors in accordance with Ray's instructions. Howard testified that he first installed the one-way mirror and then returned on a later date, after Ray had constructed the boards and lights, and installed the two-way mirror.
On May 22, 1998, A.J. and his parents filed suit against Edgewood Skate Arena and Howard Glass, alleging negligence and loss of a child's services.[1] On June 24, 1998, Edgewood Skate Arena filed a third-party complaint for indemnification against Anthony Larry, alleging that Larry's negligence was the cause of A.J.'s injuries. Motions for summary judgment were filed and, on May 26, 1999, the trial court denied judgment to Edgewood Skate Arena but granted summary judgment in favor of Anthony Larry and Howard Glass. The trial court held as follows.
 The Court finds as a matter of law that R.C. § 4171.09 places upon the plaintiff A.J. Marshall the `express' or `primary' assumption of the risk. The Court also finds that all defendants have properly raised the affirmative defense of assumption of the risk. * * * The Court also finds that the * * * statute creates two specific exceptions to plaintiff's `express' assumption of the risk, applicable by the language of the statute, only to the "operator," or defendant Edgewood. * * * [P]laintiffs in the case sub judice are barred from any recovery against third-party defendant Larry and Howard Glass and summary judgment is granted for those defendants.
 The trial court certified its judgment under Civ.R. 54(B), and the appellants now appeal the grant of summary judgment to Howard Glass,[2] asserting one assignment of error.
 Assignment of Error The trial court erred in granting the motion for summary judgment of defendant Howard Glass Mirror Company and has incorrectly interpreted the language in the Ohio Revised Code § 4171.09.
In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C). Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial.Dresher v. Burt, 75 Ohio St.3d at 293. Finally, we are mindful of the general rule that reviewing courts may not reverse a correct judgment merely because it was based upon erroneous reasoning. See, e.g., State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509,514.
The appellants contend that the trial court erred in granting Howard Glass summary judgment in this matter. While we agree that the basis relied on by the trial court was erroneous, we do not agree that the result reached by the trial court was incorrect. For the following reasons, we find that Howard Glass was entitled to summary judgment in this matter.
The trial court's conclusion that summary judgment was appropriate was based on the statutorily mandated assumption of the risk embodied in R.C. 4171.09, which provides as follows.
 The general assembly recognizes that roller skating as a recreational sport can be hazardous to roller skaters regardless of all feasible safety measures that can be taken. Therefore, roller skaters are deemed to have knowledge of and to expressly assume the risks of and legal responsibility for any losses, damages, or injuries that result from contact with other roller skaters or spectators, injuries that result from falls caused by loss of balance, and injuries that involve objects or artificial structures properly within the intended path of travel of the roller skater, which are not otherwise attributable to an operator's breach of his duties pursuant to sections 4171.06 and 4171.07 of the Revised Code.
The trial court correctly recognized the foregoing statute established the doctrine of express assumption of the risk; however the trial court failed to correctly apply this doctrine. R.C. 4171.10 clearly restricts the application of the assumption of the risk doctrine to operators of skating rinks. R.C 4171.10
provides, in pertinent part, as follows.
 The express assumption of the risk set forth in section 4171.09 of the Revised Code shall serve as a complete defense to a suit against an operator by a roller skater for injuries resulting from the assumed risks of the roller skater.
The Revised Code defines an operator as a "person that owns, manages, controls, directs, or has operational responsibility for a roller skating rink." Howard Glass is clearly not an operator as defined by the statute, and we therefore conclude that the assumed risk provisions of R.C. 4171.09 cannot operate as a defense to its liability for negligence.
Although the trial court's basis for granting summary judgment was erroneous, the conclusion reached was correct. In their motion for summary judgment, Howard Glass also asserted that summary judgment was proper based upon their status as an independent contractor to Edgewood Skate Arena. Because our review is de novo, we must now address Howard Glass' additional argument.
Howard Glass contends that its status as an independent contractor relieves it from any duty to the appellant as a matter of law. The appellee argues that once an independent contractor has completed its work and that work has been accepted by the employer it cannot be held liable for injuries to a third party based upon negligence under the so-called "completed and accepted" rule. See, e.g., 41 American Jurisprudence 2d (1995) 472, Independent Contractors, Section 73; Rozier v. Planet Corp. (June 15, 1983), Allen App. No. 1-82-12. However, as most American jurisdictions have already done, we now abandon the "completed and accepted" doctrine and follow the rules set forth in Jackson v.Franklin (1988), 51 Ohio App.3d 51. Accord, Hendricks v. Wyrick
(Oct. 20, 1995), Fulton App. No. F-95-004, unreported; Yanni v.A.P. O'Horo Co. (June 16, 1995), Columbiana App. No. 94-C-29, unreported. As to the general rule on contractor liability, the Montgomery County Court of Appeals stated:
 It is now the almost universal rule that the contractor is liable to all those who may forseeably be injured by the structure, not only when he fails to disclose dangerous conditions known to him, but also when the work is negligently done.
[Citations omitted.]
Id. at 53. Thus, in order to successfully demonstrate contractor liability, an injured party must either prove that the contractor failed to disclose a known dangerous condition or that the contractor negligently constructed the structure. However, there is an important, equally recognized exception to this rule, which provides that the contractor is not liable if he has merely carried out carefully the plans, specifications and directions given him, since in that case the responsibility is assumed by the employer, at least where the plans are not so obviously defective and dangerous that no reasonable man would follow them. Id. at 54.
The unrefuted evidence in this case establishes that the wall was constructed in full compliance with the instructions given by Jerid Ray, the co-owner of the skating rink and designer of the structure. There is no evidence in the record that establishes that the design of the wall was so obviously defective that a reasonable contractor would not have followed the plans. To the contrary, the evidence shows that the mirrored structure was not in the normal traffic pattern of skaters and skaters generally did not come near that portion of the wall. In fact skating in that area was prohibited by the owners. The evidence also shows that when Howard Glass installed the mirrors, the construction of the structure was ongoing. Edgewood Skate Arena could have decided to place safety guards or rails around the wall subsequent to Howard Glass' involvement.
In applying the standard for summary judgment, we find that there are no general issues of material fact with respect to the reasonableness of the construction of the wall. Accordingly, the appellants' assignment of error is overruled.
Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 WALTERS, J., concurs.
[1] Jerid Ray was also named as a party defendant in this action, but plaintiff was unable to perfect service upon him.
[2] Edgewood Skate Arena has not appealed the decision to grant summary judgment to third-party defendant Larry.