## McCLELLAN v BROADSWORD

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 28, 1932

Ralph Miller, Youngstown, for plaintiff.
Charles B. Cook, Ashtabula, for defendant.

POLLOCK, J.

Now, this is the substance of the claim of the heirs of Levi Broadsword so far as any direct connection with Levi is concerned. The plaintiff claims to have known that her father owned this property and had a right to it. She let it remain from 1913 until the filing of the petition in 1930, without making any claim to it, so far as the record shows, until the beginning of the action and permitting it to be occupied by another party.

We now look to the claim of those claiming Anthony owned this property. There seems to be no doubt but that Anthony and his brother Matthias were very bad friends, had been having litigation and were possibly beyond any friendship. The claim is that Anthony purchased this property for a home for himself, but for fear his brother Matthias would give him trouble and take it away from him, he had the name inserted in the deed Levi Broadsword. He seems to have had possession of this deed. There is testimony of witnesses to expressions of Anthony Broadsword which would indicate that Levi owned this property and he was

living there. There were expressions on the other hand that he, "Anthony," claimed he purchased it and had inserted in the deed the name of Levi, and that Levi had no interest in the property or the deed, which had never been recorded.

Now, the heirs of Matthias Broadsword claim this property by prescription; in other words, that Anthony had lived on this property and occupied it as his own for more than thirty years. He did occupy it from some time about 1876 on until the time of his death, which was in 1913. It is urged that he entered into this property under this agreement to live there during his life, and by that agreement it would never ripen into a prescriptive right, which is correct, but the fact about who owned this property, who bought it from Kirkpatrick is in doubt. So far as the record shows, Levi never returned to this county, and never had any communication except the letter he wrote to Brown, and Anthony not only lived on and occupied it but he had the title in his possession. We have come to the conclusion that notwithstanding this uncertain testimony on both sides, that the better theory of this case is that Anthony occupied this property, and whoever had the title, he has occupied it for more than 21 years and a prescriptive right has accrued in him.

But it is urged that the evidence does not show such an occupancy that a prescriptive right would mature. A number of authorities are cited, quite a number, but we will only refer to Ohio Jurisprudence. Litigation on the question of prescriptive right has been such that cases are innumerable, but the general rule is pretty well stated in **1 Ohio Jurisprudence 494.** The general proposition of what is required to recover on prescriptive right is stated as follows:

"The statutes of Ohio do not define adverse possession. This is left to the courts. Under the decisions, in order to constitute adverse possession which results in obtaining title to real property, the possession must be actual, open and notorious, hostile and under claim of right, continuous and exclusive. When these elements coincide, and the possession continues for twenty-one years, a title by adverse possession is acquired."

Then this work takes up each one of these expressions and indicates what it means. On page 496 he talks about actual possession:

"There must be an actual possession of the lands, or some part thereof, to create a title by adverse possession."

Then in the next section, which is section nine, the author refers to the case of Ewing v Burnet, 11 Pet. 41, a decision, of course, of the Supreme Court of the United States:

"Neither actual occupation, cultivation, nor residence are necessary to constitute actual possession, when the property is so situated as not to admit of any permanent useful improvement, and the continued claim of the party has been evidenced by public acts of ownership, such as he would exercise over property which he claimed in his own right, and would not exercise over property which he did not claim."

The possession is sufficient. This party possessed this property, a small piece of property with some kind of a house on it where he lived and gardened the balance of it quite extensively, so he had possession of the property.

On the next page, §10, it is said:

"In order that possession of real property may ripen into a title, the possession must be adverse; that is, a possession asserting a right to the exclusion of the holder of the paper title. The very essence of an adverse possession is that the holder of it claims the right to his possession not under, but in opposition to, the title to which his possession is alleged to be adverse. An entry of one man on the land of another is, or is not, an ouster of the legal possessions arising from the title, according to the intention with which it is done; if made under claim and color of right it is an ouster."

Now, this man lived there under the color of right and from the evidence he was not only using it as his own but claiming that it was his own, so that it comes under this provision. The next is that it must be open and notorious, and that is found on page 520, §26:

"It is an essential requisite of the possession which will ripen into a prescriptive title that the possession be open and notorious."

Everyone that testified knew that this man occupied and used this property in the way we have stated for all of thirty years, the witnesses who were old enough to re-

member back thirty years, so that it was open and notorious.

The last condition is that the possession must be exclusive and that is found on page 526, §30:

"It has been stated in a number of cases in Ohio that the possession must be exclusive. Adverse possession in law means exclusive possession where someone else is excluded who claimed the right to possess."

It is understood that no one ever knew of Levi claiming this possession. True, but that is not what is meant. There is no question but what Anthony Broadsword had possession of this property and exclusive possession; no other person, as far as the record is concerned, had possessed it. In other words, about all that is meant by possession of a piece of property of this kind is that a person has occupied it and used the ground as an owner would use it for over twenty-one years, used the entire piece as an owner would ordinarily use it; there is not much more to be said as to title by prescription. It is acquired after it is held for twenty-one years, and this was for over thirty years, so we think the heirs of Anthony Broadsword are entitled to this property and they have a right to have partition thereof made.

There is some doubt in our mind that the heirs of Matthias are the exclusive heirs of Anthony or whether Levi's heirs are joint heirs. The parties themselves know that and it can be so determined and partition made in accord with what we have said. The cause will be certified back to the Court of Common Pleas for further proceedings.

ROBERTS, FARR and POLLOCK, JJ.