This appeal, which has been assigned to the accelerated calendar, is brought by Plaintiffs-Appellants, Robert Bauer, et al. ("Bauer") and involves a summary judgment decision in favor of Defendants-Appellees, Donald H. Moser, et al. ("Moser") in the Common Pleas Court of Wood County, Ohio. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
The facts in this matter are generally undisputed and are as follows. In 1967, Bauer purchased a fifty-one and 11/20 (51-11/20) acre parcel in Perrysburg Township, Wood County, bordering on Reitz Road. Some time thereafter, in the late 1960's, while developing a small airport on the eastern portion of the property, Bauer needed a ditch cleaned. This ditch ran across his property and the adjoining farm to the east, which Moser acquired in 1971.
The prior owners of Moser's land gave Bauer a strip of land adjoining the eastern edge of Bauer's property in exchange for his agreement to clean the ditch. However, the prior owners of Moser's land never conveyed title to the strip of land to Bauer. Nonetheless, Bauer formed and crowned a grass runway on the eastern edge of the claimed land and marked the edge of this land with steel pipe. Upon review of the record, the strip of land was approximately fourteen feet wide and stretched 1,485.56 feet, or the entire length of the eastern edge of Bauer's property.
Bauer and Moser co-existed peacefully for a period of time following Moser's acquisition of the adjoining eastern property. However, approximately five years thereafter, property line disputes became a source of tension between the parties. In particular, Moser would plow into the land that Bauer perceived to be his property on the eastern edge of the runway. Further, Moser destroyed Bauer's steel pipe runway boundary markers.
In the spring of 1999, Moser plowed approximately 6.56 to 7.58 feet into the land perceived by Bauer to be his. Bauer sent a letter to Moser in protest and planted stakes to inform Moser as to what Bauer perceived to be the boundary line. On July 15, 1999, Moser destroyed the stake line and plowed the remaining 6.00 to 6.97 feet up to Bauer's title property line.
On September 17, 1999, Bauer filed his complaint against Moser, claiming that Moser trespassed upon the land perceived by Bauer to be his through adverse possession. Bauer then filed his motion for summary judgment on April 21, 2000, which was denied on June 22, 2000. Shortly thereafter, on July 14, 2000, Moser filed his motion for summary judgment, which was granted on September 19, 2000. This timely appeal followed.
Bauer presents the following single assignment of error:
 The trial court erred in misconstruing the evidence presented, thus improperly interpreting the facts which, when applied to the law, rendered an unjust result.
In considering an appeal from a summary judgment, we review the summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Instead, we apply the same standard for summary judgment used by the trial court Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129.
Summary judgment is appropriate when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-687.
In order to make such a showing, the burden lies with the movant to inform the trial court of the basis for the motion and identify the portions of the record, including the pleadings and discovery that demonstrate the absence of a genuine issue of material fact. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once the movant has satisfied this burden, the burden shifts to the nonmovant to set forth specific facts demonstrating that a genuine issue of fact indeed exists for trial. Id.
To acquire title by adverse possession, the party claiming title must show, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years.Grace v. Koch (1998), 81 Ohio St.3d 577, 579. Failure of proof as to any one of the elements results in failure to acquire title by adverse possession. Id.
Exclusive possession exists where someone else is excluded who claimed the right to possess. McClellan v. Broadsword (1932), 14 Ohio Law Abs. 274. The open and notorious requirements are deemed to have been satisfied if the use is visible or of common knowledge to the general public. Davis v. Konjicija (1993), 86 Ohio App.3d 352, 356. Continued open and notorious use will be deemed adverse to the grantee only where it is of such a nature as to be totally inconsistent with the rights of the grantee. Rosenstihl v. Cherry (1926), 114 Ohio St. 401, 151 N.E. 642.
In the present case, the record is clear that Bauer had not excluded Moser from the disputed strip of land. Instead, Moser plowed into what Bauer perceived to be his property and destroyed Bauer's steel boundary markers. The record is also clear that Bauer's use of the disputed strip of land, if any, was not visible to Moser. In fact, it was Moser's open and notorious use of the land that led Bauer to begin keeping a log of Moser's plowing and his knowledge of which crops Moser was growing at particular times during this use. Further, the record clearly demonstrates that Bauer had friends who could corroborate his accounts of Moser's plowing. Therefore, it is clear that Bauer's alleged use of the disputed land was not common knowledge to the general public, who believed that Moser was using the land.
Next, the record is clear that Bauer had not continuously utilized the disputed land during the stated period of time. Rather, Moser had been continuously using the land for agricultural purposes within five years of his acquisition of the land in 1971. Therefore, Bauer's use of the land was not adverse to Moser. In fact, the record demonstrates that Bauer had not even utilized the disputed land during the statutory period, save only for the placement of boundary stakes, which were destroyed soon thereafter by Moser.
As a result of the foregoing, the elements of adverse possession have not been clearly and convincingly established by Appellants. As such, Appellants' assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed. Judgment affirmed.
 ______________ WALTERS, JUDGE
HADLEY and BRYANT, JJ., concur.
 (WALTERS, P.J., HADLEY and BRYANT, JJ., of the Third Appellate Judicial District, sitting by assignment in the Sixth Appellate District.)