OPINION
{¶ 1} This appeal is brought by plaintiff-appellant Lou Ann Brooks from the judgment of the Court of Common Pleas, Shelby County, granting summary judgment to defendant-appellee All America Insurance Company. For the reasons set forth in the opinion below, we affirm the decision of the trial court.
 {¶ 2} On November 2, 1999, appellant LouAnn Brooks sustained injuries when the vehicle in which she was a passenger, driven and owned by her husband Robert Brooks, collided with another vehicle driven by Traci Munson and owned by Karen Market. The accident was alleged to be the proximate result of Munson and/or Market's negligence. Appellant settled her claims with the tortfeasors' liability insurance carrier, Motorist Mutual Insurance Company, for the $50,000 policy limit.
 {¶ 3} At the time of the accident, appellant was insured for uninsured/underinsured motorist ("UM/UIM") coverage through a policy of personal automobile insurance issued by Safeco Insurance Company ("Safeco"). Appellant settled with Safeco for the $100,000.00 limits of that policy. After setting off the settlement from the tortfeasors' insurance company, Safeco paid Appellant $50,000.
 {¶ 4} At all times pertinent, appellant's husband, Robert A. Brooks, was employed by Piqua Emery Cutter and Foundry Co. ("PECF"), the named insured on a commercial automobile insurance policy issued by appellee All America Insurance Company ("All America"). On January 28, 2002, appellant filed a complaint seeking $500,000.00 of UM/UIM coverage pursuant to that policy. On February 27, 2002, All America filed a motion for summary judgment opposing coverage on grounds that coverage for appellant's accident was excluded by the policy terms. On June 27, 2002, the trial court agreed with the appellee and granted the motion for summary judgment. It is from this order that appellant now appeals.
 {¶ 5} Appellant raises one assignment of error:
 {¶ 6} "The trial court abused its discretion and erred as a matter of law in granting summary judgment in favor of defendant-appellee All America Insurance Company."
 {¶ 7} We review the grant of a motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720,681 N.E.2d 1388. Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chem.Corp. (1995), 73 Ohio St.3d 679, 686-687, 1995-Ohio-286. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 8} Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial. Id. at 293. The non-moving party is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66
 {¶ 9} In her sole assignment of error, appellant insists that she is an "insured" under the UM/UIM policy issued to PECF by All America and that the "owned, but not insured" exclusion contained in the policy is invalid or otherwise inapplicable. We do not find appellant's arguments to be well taken.
 {¶ 10} Insurance coverage is determined by reasonably construing the insurance contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." Dealers Dairy Products Co. v. Royal Ins. Co. (1960),170 Ohio St. 336, paragraph one of the syllabus. Where the language in a contract of insurance is reasonably susceptible to more than one meaning, the language will be construed liberally in favor of the insured and strictly against the insurer. Faruque v. Provident Life Acc.Ins. Co. (1987), 31 Ohio St.3d 34, 508 N.E.2d 949, syllabus. InScott-Pontzer v. Liberty Mutual Ins. Co. (1999), 85 Ohio St.3d 660, 661
the Ohio Supreme Court held, inter alia, that where a commercial auto policy issued to a corporation defined the named insured as "you" and "[i]f you are an individual, any family member," the policy language was ambiguous and therefore must be construed as extending insured status to the corporation's employees. Id. at 665. The Scott-Pontzer court determined that it would be nonsensical to limit protection solely to a corporate entity, which cannot occupy or operate an automobile or suffer bodily injury or death. Id. at 664.
 {¶ 11} In the current case, All America's motion for summary judgment opposed UM/UIM coverage for appellant pursuant to the exclusionary language of the policy issued to PECF, and did not deny appellant's status as an "insured" under the policy. Likewise, the trial court granted appellee summary judgment based on the exclusionary provisions within the policy and did not take issue with Appellant's status as an insured. Therefore, all parties are in a agreement that Robert Brooks is an insured under the UM/UIM policy issued to PECF by All America and that as his "family member," Appellant is also an insured. The only remaining issue therefore is whether the exclusionary provisions act to prevent coverage for appellant's injuries.
 {¶ 12} The terms of the UM/UIM policy issued to PECF by All America are as follows:
 {¶ 13} "C. Exclusions
 {¶ 14} "This insurance does not apply to:
 {¶ 15} "* * *
 {¶ 16} "(5) `Bodily injury' sustained by
 {¶ 17} "a. You while `occupying' or when struck by any vehicle owned by you that is not a `covered' auto for Uninsured Motorists Coverage under this coverage Form.;
 {¶ 18} "b. Any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorists coverage under this coverage form;
 {¶ 19} "c. Any `family member' while `occupying' or when struck by any vehicle owned by you that is insured for Uninsured Motorists Coverage on a primary basis under any other Coverage Form or policy."
 {¶ 20} The unambiguous language of the listed exclusions, specifically Section 5(c), indicate that as family member, struck when occupying a vehicle owned by Robert Brooks and covered for UM/UIM on a primary basis by a policy issued by Safeco Insurance Company, LouAnn Brooks is not entitled to UM/UIM coverage as per the terms of the All America policy. However, appellant argues that since the Section 5(c) exclusion does not fit within one of the enumerated circumstances in R.C. 3937.18(J), it is contrary to law and therefore unenforceable.
 {¶ 21} Recently, in Zirger v. Ferkel, Seneca App. 13-02-75, 2002-Ohio-2822, we rejected the argument that R.C. 3937.18(J) was the exclusive list of permissible UM/UIM exclusions. In doing so, we citedWallace v. Balint (2002), 94 Ohio St.3d 182, 2002-Ohio-480, 761 N.E.2d 598
in which the Supreme Court of Ohio held that the former R.C. 3937.18(G), the applicable law in this matter, permitted insurers to include anti-stacking language in their underinsured motorist policies. Zirger at ¶ 33. Like the exclusion in Zirger, we find Section 5(c) of All America's UM/UIM policy to be a valid anti-stacking provision. Appellant acknowledges our holding in Zirger, but apparently considers that holding to be in error.
 {¶ 22} Appellant first argues that if we uphold the validity of the Section 5(c) exclusion, we will discourage Ohioans from purchasing their own UM/UIM polices. Despite the enthusiasm with which Appellant and her counsel explore the nuances of Scott-Pontzer, we hardly think that there's any risk that the citizens of Ohio will find it more sensible to stop purchasing personal UM/UIM insurance on the slim chance that their employer's insurance policy will be deemed ambiguous.
 {¶ 23} Next, appellant argues that even if Section 5(c) is a valid anti-stacking provision, she is not trying to stack coverage so the exclusion should not apply. Appellant's argument is frustratingly circular and borderline frivolous. Stacking occurs when one insured seeks coverage under more than one policy issued to himself or other family members. Wallace v. Balint (2002), 94 Ohio St.3d at 186. Here, appellant is seeking UM/UIM coverage under the All America Policy, issued to her through her husband's employer, on top of the UM/UIM coverage available to her through the UM/UIM policy issued by Safeco. Appellant's intentions unquestionably meet the definition of stacking. The exclusion contained in Section 5(c) of the All America policy forbids stacking. Therefore, we find no issue of material fact remaining with regard to All America's duty to provide UM/UIM coverage for bodily injury sustained by LouAnn Brooks on November 2, 1999.
 {¶ 24} For the reasons stated it is the order of this court that the judgment of the Court of Common Pleas, Shelby County is hereby affirmed.
Judgment affirmed.
 SHAW, P.J. and WALTERS, J., concur.