SCHUCH et al., Appellants,

v.

ROGERS et al., Appellees.

[Cite as *Schuch v. Rogers* (1996), 113 Ohio App.3d 718.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–96–22.

Decided Aug. 27, 1996.

*Glenn Findley, pro se.*

*Dennis Schuch, pro se.*

*Betty D. Montgomery,* Attorney General, and *Todd R. Marti,* Assistant Attorney General, for appellees.

THOMAS F. BRYANT, Judge.

This appeal is taken by plaintiffs-appellants Dennis Schuch and Glenn Findley from the summary judgment entered by the Court of Common Pleas of Marion County in favor of defendants-appellees Shirley Rogers et al.

Appellants are inmates confined at Marion Correctional Institution. They claim to adhere to a Native American belief system. On June 19, 1995, appellants filed a complaint alleging that appellees had failed to provide religious paraphernalia necessary for the practice of their religious beliefs as Native American Indians, thus violating their rights under the Religious Freedom Restoration Act ("RFRA") Section 2000bb, Title 42, U.S.Code, and the First and Fourteenth Amendments to the United States Constitution. Specifically, the complaint alleged that appellees had denied appellants the use of a sweat lodge and access to various items to be used in the proposed ceremonies. Appellants requested an injunction requiring the procurement of the requested items, a declaratory judgment that appellees violated appellants' rights, and punitive damages in the amount of $50,000 for willful violation of those rights. Appellees filed an answer on July 21, 1995. The answer denied the allegations of the complaint and asserted various defenses.

On October 19, 1995, appellants filed a motion for summary judgment. Appellees filed their motion in opposition to appellants' motion and a motion for summary judgment on October 15, 1995. Both parties filed briefs in opposition to the other's motion for summary judgment. On April 10, 1996, the trial court granted summary judgment for appellees. It is from this judgment that appellants now appeal and submit the following assignment of error:

"The trial court abused its discretion by weighing the evidence for credibility in a summary judgment disposition."

■ When reviewing the ruling on a motion for summary judgment, an appellate court reviews the judgment independently and does not defer to the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. Since the issues are questions of legal significance, no special deference need be given to the trial court's ruling. *Tyler v. Kelley* (1994), 98 Ohio App.3d 444, 648 N.E.2d 881. Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.

"[The] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. * * * [T]he moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274.

When a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere allegations of his pleading, but his response must set forth specific facts showing that there is a genuine triable issue. *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 51, 567 N.E.2d 1027, 1031. "Summary judgment is appropriate where the nonmoving party does not produce evidence on any issue for which that party bears the burden of production at trial." *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639, 641.

■ The RFRA states, "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, * * * [unless government] demonstrates that application of the burden to the person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that * * * interest." Section 2000bb–1,

Title 42, U.S.Code. However, the plaintiff must first show that his religious exercise has been substantially burdened. *Iron Eyes v. Henry* (C.A.8, 1990), 907 F.2d 810. To establish an unconstitutional burden on religion, plaintiff must show that he was pressured to commit an act forbidden by the religion or he was prevented from engaging in conduct or having a religious experience which the faith mandates. *Hernandez v. Commr.* (1989), 490 U.S. 680, 109 S.Ct. 2136, 104 L.Ed.2d 766. The burden must interfere with a tenet or belief that is central to the religion, not just a mere inconvenience. *Id.*

■ In this case, appellants never offered any evidence of how the requested items were central to the tenets of their religion or even what those tenets might be. This evidence is necessary to show which tenet or belief is burdened. *Id.* The result is that appellants have not shown that appellees have placed a substantial burden on their religious freedom, and an essential element of the case is missing. By pointing out this flaw in appellants' evidence with particularity, appellees have met their burden of production, and the burden shifts to appellants to show that a genuine issue of material fact actually exists.

In the record before us, no evidence of a genuine issue of material fact is presented. Appellants have failed to introduce any evidence that would support their claim of a violation of the RFRA. Thus no issue of credibility is presented, and we find that, upon undisputed facts, reasonable minds could come to only one conclusion and it is adverse to appellants. As a matter of law, the trial court correctly determined that appellees are entitled to summary judgment. The decision of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and SHAW, J., concur.