[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
Joshua Wenning ("Appellant") appeals the judgment entry granting summary judgment to Keith Early, in his capacity as Mercer County Engineer, and the Mercer County Commissioners ("Appellees") by the Mercer County Court of Common Pleas. For the following reasons, we affirm the decision of the trial court.
The following facts are given by Appellant. On June 2, 1995, Appellant was operating his vehicle on Coldwater Creek Road. As he approached a curve in the road, Appellant moved to the other lane of travel to avoid loose gravel. A posted advisory sign for the curve was 30 miles an hour. Appellant reduced his speed from approximately 50-55 miles an hour to 35 miles an hour. As Appellant rounded the curve, he observed oncoming traffic and moved back to his lane of travel, encountering more gravel. Appellant slid through the gravel, lost control of his vehicle, and went off the right side of the road striking a tree. The center of the tree was five feet, eight inches from the roadway.
Prior to June 2, 1995, the last time Coldwater Creek Road had been resurfaced was in 1983. Coldwater Creek Road had developed depressions in the roadway. At the time of the accident, a contract had been awarded to S.E. Johnson Company, Inc. to resurface Coldwater Creek Road.
In preparation for resurfacing, county personnel had patched Coldwater Creek Road in order to fill in these depressions. County personnel utilized a dura patcher machine to fill the depressions. It is up to the employee doing the patching to pick out the depressions and the cracks and decide which ones to patch and how much. The method leaves loose stone on the surface of the depression. No advisory warning signs were erected on Coldwater Creek Road after the patching to advise of loose stone.
The case proceeded through discovery and led to the Appellees' motion for summary judgment. The trial court granted the motion for summary judgment and Appellant now asserts two assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred in finding that the acts or failure to act of the Defendants-Appellants [sic] did not meet the exception to immunity provided under Ohio Revised Code 2744.02(B)(3).
Under this assignment of error, Appellant asserts that the tree he hit was a nuisance and that the Appellees are not immune from liability.
In his brief, Appellant specifically relies on R.C.2744.02(B)(3) to find that the Appellees are not immune from liability.
 R.C. Chapter 2744, the Political Subdivision Tort Liability Act, was enacted in response to the judicial abolishment of the doctrine of sovereign immunity. R.C. 2744.02(A)(1) provides that a political subdivision is generally not liable for damages for injury, death, or loss to persons or property incurred in connection with the performance of a governmental or proprietary function of the political subdivision. R.C. 2744.02(B) lists several exceptions to the general grant of sovereign immunity. The subsection relevant here is R.C. 2744.02(B)(3), which provides that political subdivisions are liable for injury caused "by their failure to keep public roads, highways, [and] streets * * * within the political subdivisions open, in repair, and free from nuisance * * *."
 Franks v. Lopez (1994), 69 Ohio St.3d 345, 347.
 The phrase "free from nuisance" in former R.C. 2744.02(B)(3) has been interpreted most often by this court in the context of an alleged failure by a political subdivision to keep its roads and highways free from physical obstructions that interfere with visibility and create an unsafe condition. Classic examples of nuisances include a malfunctioning traffic light, a pothole in the roadway, or an overhanging tree limb.
 Cater v. Cleveland (1998), 83 Ohio St.3d 24, 30, citing Franks,supra. The political subdivision must have actual or constructive notice of the nuisance to impose liability. Id. at 31 (citations omitted). "There is constructive knowledge if `such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger * * *.'"Franks, 69 Ohio St.3d at 349, citing Beebe v. Toledo (1958),168 Ohio St. 203, 207.
Accordingly, the Appellees must have had actual or constructive notice of the alleged nuisance to fit under R.C.2744.02(B)(3). Appellant asserts that the tree he hit was a nuisance. Appellant offers the Affidavit of Roger Park, P.E., who stated that the presence of the tree five feet, eight inches off the roadway was a clearly recognizable dangerous condition and violation of Roadside Design Guide, published by American Association of State Highway and Transportation Officials. The affidavit alone, however, is not sufficient evidence to demonstrate that the Appellees had constructive knowledge of the alleged nuisance. See Franks, supra. In addition, Appellant presented no evidence to demonstrate that the Appellees had actual knowledge of the alleged nuisance. Therefore, the trial court did not err in finding that the exception to immunity did not apply in this case. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in the granting of Appellee's Motion for Summary Judgment.
Under this assignment of error, Appellant asserts that the trial court erred in granting summary judgment to the Appellees.
In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is proper: when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. HarwickChemical Corp. (1995), 73 Ohio St.3d 679, 686-87.
In this case, we have found that Appellant failed to show that the Appellees had constructive or actual notice of the alleged nuisance, the tree. Therefore, we find that the Appellees have immunity under R.C. 2744.02(A)(1). Accordingly, we find that the trial court properly granted summary judgment to the Appellees. Appellant's second assignment of error is overruled.
Judgment affirmed.
 SHAW, J., and BRYANT, P.J., concur.