OPINION
{¶ 1} This appeal is brought by Plaintiff-Appellant Tammy R. Rice from the judgments of the Court of Common Pleas, Logan County, granting summary judgment to Defendant-Appellee Tokio Marine Fire Insurance Company, Ltd and dismissing the claims asserted against Defendant-Appellee Buckeye State Mutual Insurance Company. For the reasons set forth in the opinion below, we affirm the orders of the trial court.
 {¶ 2} The record presents the following undisputed facts. On August 21, 1999, on State Route 347 in Perry Township, Logan County, Ohio, Scott Rice negligently operated a motorcycle, causing a collision between himself and a motor vehicle operated by Jacob Coli. Scott Rice died from injuries sustained in the collision. Tammy Rice (n.k.a. Higginbotham), the deceased's wife and the appellant herein, was a passenger on the motorcycle and was injured as a result of the collision.
 {¶ 3} The current action arose on May 3, 2001, when Appellant Tammy Rice filed a complaint naming Buckeye State Mutual Insurance Company Home Farm Insurance Company and Tokio Marine Fire Insurance Company, Ltd. as defendants. According to the complaint, Appellant sought uninsured/underinsured motorist ("UM/UIM") coverage pursuant to a Business Auto Policy and a Commercial Umbrella Policy issued to her deceased husband's employer, KTH Parts Industries, Inc. "(KTH") by Appellee Tokio Marine Fire Insurance Company, Ltd. ("Tokio Marine"). Additionally, Appellant sought UM/UIM coverage pursuant to a Business Auto Policy and a Commercial Umbrella Policy issued to her own employer, Midwest Express, Inc. (Midwest). Coincidentally, Midwest's policies were also issued by Tokio Marine. Finally, Appellant's complaint alleged UM/UIM coverage arising by operation of law out of her home owner's insurance policy issued by Appellee Buckeye State Mutual Insurance Company Home Farm Insurance Company ("Buckeye State").
 {¶ 4} On June 4, 2001, Appellee Buckeye State responded to Appellant's complaint by filing a Motion to Dismiss pursuant to Civ.R.12(B)(6) for failure to state a claim upon which relief may be granted. Conversely, on June 13, 2001, Appellant filed a motion for summary judgment with respect to her claims against Buckeye State. In a Judgment Entry dated October 15, 2001, the trial court granted Buckeye State's motion to dismiss and denied Appellant's motion for summary judgment. Specifically the trial court determined that Appellant's homeowner's policy was not an "automobile liability or motor vehicle liability policy of insurance" as defined by R.C. 3937.18(L).
 {¶ 5} Thereafter, on April 22, 2002, Appellant filed a motion for summary judgment with respect to her remaining UM/UIM claims against Tokio Marine. On that same day, Tokio Marine filed two motions for summary judgment; the first regarding Appellant's claims upon the policies issued to KTH and the second regarding Appellant's claims upon the policies issued to Midwest.[1] In a judgment entry dated June 26, 2002, the trial court granted Tokio Marine's motions for summary judgment and denied the same to Appellant. Specifically, the trial court determined that the policies in question were not ambiguous based on a "Drive Other Car Coverage-Broadened Coverage for Named Individuals" endorsement and that coverage was otherwise precluded by certain exclusionary provisions.
 {¶ 6} Appellant now appeals from the trial court's October 15, 2001 and June 26, 2002 judgment entries and in doing so raises the following assignments of error:
 {¶ 7} The trial court erred, in its June 26, 2002 decision, in granting the defendant-appellee Tokio Marine's motions for summary judgment by finding that the addition of individuals as insureds, pursuant to the "drive other car-broadened coverage for named individuals" endorsement, removes the inherent ambiguity which arises when a policy provides that a corporation is an insured for purposes of UM/UIM coverage.
 {¶ 8} The trial court erred, in its June 26, 2002 decision, in granting the defendant-appellee Tokio Marine's motions for summary judgment by finding that the motor vehicle operated by the tortfeasor does not qualify as an uninsured vehicle.
 {¶ 9} The trial court erred, in its June 26, 2002 decision, in granting the defendant-appellee Tokio Marine's motions for summary judgment by finding that the motor vehicle plaintiff-appellant occupied does not qualify as a "covered auto."
 {¶ 10} The trial court erred, in its June 26, 2002 decision, in granting the defendant-appellee Tokio Marine's motions for summary judgment by finding that the motor vehicle plaintiff-appellant occupied at the time of the accident is not a "private passenger type" or "trailer" and, therefore, is not a covered auto.
 {¶ 11} The trial court erred in its October 15, 2001 decision, in granting the defendant-appellee Buckeye State Mutual Insurance Company's Rule 12(B)(6) Motion to Dismiss, by finding that the plaintiff-appellant's homeowner's policy is not an "automobile liability or motor vehicle policy of insurance" subject to the provisions of R.C.3937.18.
 Summary Judgment Standard {¶ 12} In considering an appeal from the granting or denial of a summary judgment motion, we review the motion independently and do not give deference to the trial court's determination. Schuch v. Rogers
(1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388.
 {¶ 13} Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-687. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293.
 Assignments of Error I through IV {¶ 14} As an initial matter, we note that Appellant's first four assignments of error advance one core argument; Tokio Marine should not have been granted summary judgment because they owe her UM/UIM coverage pursuant to the Ohio Supreme Court's holding in Scott-Pontzer v. LibertyMut. Ins. Co. (1999), 85 Ohio St.3d 660, 661. This is the same argument Appellant advanced in the course of her April 22, 2002 motion for summary judgment. In Scott-Pontzer, the Ohio Supreme Court held, inter alia, that where a commercial auto policy issued to a corporation defined the named insured as "you" and "[i]f you are an individual, any family member," the policy language was ambiguous and therefore was construed as extending insured status to the corporation's employees. Id. at 665. TheScott-Pontzer court determined, with respect to the specific language of the UM/UIM policy in that circumstance, that it would be nonsensical to limit protection solely to a corporate entity, which cannot occupy or operate an automobile or suffer bodily injury or death. Id. at 664.
 {¶ 15} Here, relying on Scott-Pontzer, Appellant asserts she is entitled to UM/UIM policies issued by Tokio Marine to her deceased husband's employer and her own employer based on the ambiguous language in the respective policies. Accordingly, we will conduct our de novo review of this matter by determining; (1) whether or not Appellant is an "insured" under the policies issued to KTH and Midwest and if so, (2) whether or nor her injuries sustained in the motorcycle accident are covered pursuant to the policy language. Though Midwest and KTH are separate entities and were issued separate insurance policies, the language in each company's Business Auto Policy and Commercial Umbrella Policy is identical as they were both issued by Appellee Tokio Marine. Therefore, we will examine the Midwest and KTH policies together.
 Business Auto Policies: Midwest CA 961176202 KHT CA424126000
 {¶ 16} The UM/UIM endorsements within the Business Auto Policies issued to Midwest KTH by Tokio Marine define an "insured" in Section B, paragraph 1-2 as, "You" and "If you are an individual, any `family member'." The named insured for the policies are identified on the respective declaration pages as Midwest Express, Inc. KHT Parts Industries, Inc., both of which are corporations. Thus, we would generally agree with Appellant that the policy language is ambiguous such that, as in Scott-Pontzer, it would be nonsensical to extend UM/UIM coverage to a corporate entity, which cannot itself sustain bodily injury.
 {¶ 17} However, the policies also include a "Drive Other Car Coverage-Broadened Coverage for Named Individuals" endorsement that was in effect at the time of Appellant's injuries. Section C of that endorsement applies to UM/UIM coverage and states, "The following is added to Who is an Insured: Any individual named in the Schedule and his or her `family members' are insured while `occupying' or while a pedestrian when being struck by any `auto' you don't own except: Any `auto' owned by that individual or by any `family member.'"
 {¶ 18} Tokio Marine, argues that the "Drive Other Car Coverage-Broadened Coverage for Named Individuals" endorsement eliminates any ambiguity by clarifying that the parties intended coverage for those individuals named in a schedule maintained by the company. The trial court agreed with this contention as do we. The Scott-Pontzer decision was based on policy language that, when read literally, would only provide coverage for bodily injury sustained by a corporation. Since a corporation can not sustain bodily injury, there was no logical flow to the UM/UIM coverage. That situation does not exist here.
 {¶ 19} In the matter sub judice, the "Drive Other Car Coverage-Broadened Coverage for Named Individuals" adds another definition to who is an insured, thereby clearly identifying an intent by the parties to extend UM/UIM coverage to only those individuals listed on a schedule. See White v. American Manufacturers Mut. Ins. Co., Montgomery App. No. 19206, 2002-Ohio-4125; Unger v. Buckeye Union Ins. Co. (Mar. 26, 2002), Cuyahoga App. No. 448778; Westfield Ins. Co. v. Galatis, Summit App. No. 20784, 2002-Ohio-1502. Appellant, an employee of Midwest, fails to present evidence that she was listed on such a schedule. Nor does Appellant establish that Scott Rice, her deceased spouse, was listed on the schedule maintained by KTH. Therefore, we find as a matter of law, Appellant is not an insured for UM/UIM under the Business Auto Policies issued to Midwest and KTH by Appellee Tokio Marine.
 B. Commercial Umbrella Policies-Midwest CU424084000 KTH CU424148300
 {¶ 20} The UM/UIM endorsement to the Commercial Umbrella Policies issued to Midwest KHT by Tokio Marine, define an "insured" using language identical to the language in the Business Auto Polices. However, the Commercial Umbrella Policies do not include a "Drive Other Car Coverage-Broadened Coverage for Named Individuals" endorsement to cure the Scott-Pontzer type ambiguity. "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus. Therefore, as an employee of Midwest and a family member of a KTH employee, we must construe the language the UM/UIM endorsement to the Commercial Umbrella Policies to include Appellant as an insured.
 {¶ 21} Next, we must look to the plain language of the policies to determine whether or not coverage exists for Appellant's injuries. According Section C(5) of the UM/UIM endorsement, coverage is precluded for bodily injury sustained by the insured or a family member while occupying a vehicle owned by the insured or a family member and that is not a covered auto. Appellant is seeking coverage for bodily injuries she sustained while occupying a motorcycle owned by her husband. Therefore, according to the language of the UM/UIM endorsements to the Commercial Umbrella Policies issued to Midwest and KTH, coverage for Appellant's injuries is not available under either policy. Accordingly, Appellant's assignments of error one through four are overruled.
 Buckeye State {¶ 22} In her fifth and final assignment of error, Appellant alleges that the trial court erred when it granted Appellee Buckeye State's Motion to Dismiss. Specifically, Appellant argues that her homeowner's insurance policy is an "automobile liability or motor vehicle policy of insurance" subject to the provisions of R.C. 3937.18. We disagree.
 {¶ 23} This court has previously addressed Appellant's argument inDicke v. Safeco Ins. Co., Allen App. No. 1-2000-64, 2000-Ohio-1770, where we held that a homeowner's policy, similar to the policy sub judice, was not an automobile policy for the purposes of R.C. 3937.18. In Dicke, we reasoned that "[c]ommon sense alone would dictate that this would be an extension of coverage that the parties did not contemplate, bargain for, rate, or purchase." Id, citing Scott-Ponzer v. Liberty Mut. Fire (1999),85 Ohio St.3d 660, 670 (Resnick, J., dissenting). Appellant presents no argument that would distinguish the current case from the law stated inDicke. Accordingly, Appellant's fifth assignment of error is overruled.
 IV {¶ 24} In conclusion, having determined that Appellant is not entitled to UM/UIM coverage pursuant to the Business Auto Policies and Commercial Umbrella Policies issued to Midwest and KTH, Appellee Tokio Marine is entitled to summary judgment as a matter of law. Likewise, we find no error in the trial court's grant of Appellee Buckeye State's Motion to Dismiss. For the reasons stated, it is the order of this Court that the judgment of the Court of Common Pleas, Logan County is herebyAFFIRMED.
 Judgment affirmed. WALTERS and SHAW, JJ., concur.
[1] Appellee Tokio Marine is represented in this action by two separate legal entities representing KTH and Midwest respectively.