OPINION
{¶ 1} Defendant-appellant, Karen Reitor, appeals a decision by the Butler County Court of Common Pleas denying appellant's motion for summary judgment and granting summary judgment and attorney fees to plaintiff-appellee, Ashwood Home Owners' Association ("Association"). We affirm the decision of the trial court.
 {¶ 2} Appellant owns a house located in Indian Springs. Appellant is a member of the Association. The Association was formed pursuant to the provisions of the Declaration of Covenants, Conditions, Restrictions, and Reservations of Easements for Ashwood Home Owners' Association ("Declaration").
 {¶ 3} In May of 1998, appellant submitted plans and a request to the Association to install an above-ground swimming pool. The Association rejected the plans because the Declaration forbids above-ground swimming pools. Appellant modified her pool plans to an in-ground swimming pool. The modified pool plans were formally approved on February 7, 1999. However, appellant's plans did not mention the construction of an outbuilding or "pool equipment shelter."
 {¶ 4} In August of 1999, appellant began construction of a "pool equipment shelter." On August 31, 1999, the Ashwood Architectural Committee ("Committee") sent appellant a letter stating that the Committee had not approved the structure, which it characterized as an outbuilding. Further, the Committee noted that the outbuilding did not appear to be in compliance with the requirements of the Declaration. The Committee asked appellant to submit a plan for the outbuilding.
 {¶ 5} Appellant did not submit a plan to the Committee and continued construction of the "pool equipment shelter." On October 20, 1999, the Association's counsel sent appellant a letter notifying her that the outbuilding did not comply with the Declaration. Appellant finally sent a diagram of the outbuilding on November 5, 1999.
 {¶ 6} In December of 1999, appellant was informed that the outbuilding had to be modified to conform to the Declaration. Appellant was required to install a concrete floor, replace existing siding with masonry or horizontal siding, correct the pitch of the roof, and install landscaping to hide the outbuilding from the street.
 {¶ 7} On June 13, 2000, appellant received another letter from the Association's counsel. This letter made minor changes to the Association's requirements for the outbuilding. The Association's letter also informed appellant that if certain conditions for the outbuilding were met that the requirement for a concrete floor would be waived. Appellant refused to comply with the requirements arguing that the outbuilding was not in fact an outbuilding as defined under the Declaration. Rather, appellant maintained that the structure was a "pool equipment shelter."
 {¶ 8} On January 31, 2001, the Association filed a complaint against appellant. The Association sought a declaratory judgment pursuant to R.C.2721.03 that appellant was in violation of the Declaration. Furthermore, the Association sought permanent injunctive relief, requesting that appellant "either improve the non-conforming structure to comply with the Architectural Standards developed and promulgated by the Association in accordance with the Declaration * * * or remove the non-conforming structure." Appellant filed an answer and counterclaim for declaratory judgment and injunctive relief. In October of 2001, both parties moved for summary judgment.
 {¶ 9} On November 18, 2002, the trial court granted summary judgment in favor of the Association and denied summary judgment to appellant. Subsequently, the Association filed a motion for attorney fees. The trial court awarded attorney fees to the Association on May 7, 2003. Appellant appeals the decision raising two assignments of error:
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "The trial court erred in granting Ashwood Home Owners' Association's motion for summary judgment and erred in denying Karen Reitor's motion for summary judgment."
 {¶ 12} Appellant argues that "the trial court erred in its determination under law that the pool equipment Shelter was an `outbuilding' under the Declaration" of Covenants. Appellant also argues that she was not required to obtain the Committee's approval because her "pool equipment shelter" is not an "outbuilding."
 {¶ 13} We review the grant of summary judgment independently and do not defer to the trial court's determination. Schuch v. Rogers (1996),113 Ohio App.3d 718, 720. Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only reach a conclusion in favor of the moving party. Civ.R. 56(C); Horton v. HarwickChemical Corp., 73 Ohio St.3d 679, 686-87, 1995-Ohio 286.
 {¶ 14} An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741. A dispute of fact is "material" if it affects the outcome of the litigation, and is "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. Burkes v. Stidham (1995),107 Ohio App.3d 363, 371. In deciding whether there is a genuine issue of material fact, the evidence and the inferences drawn from the underlying facts must be construed in the nonmoving party's favor. Hannah v. DaytonPower Light Co., 82 Ohio St.3d 482, 485, 1998-Ohio-408.
 {¶ 15} Appellant claims that a genuine issue of material fact exists regarding the classification of her "pool equipment shelter" as an "outbuilding." Appellant argues that the "pool equipment shelter" is not an outbuilding as defined by the Declaration.
 {¶ 16} The Association's Declaration defines Improvement in section 10.2. Section 10.2 states, "[f]or purposes of this Article, Improvement shall mean:
 {¶ 17} "10.2.2 Any thing or object (other than trees, shrubbery, landscaping and hedges less than two feet high) the placement of which on the lot may affect the appearance of such Lot, including without limitation, any building, garage, porch, shed, greenhouse, boathouse, coop, cage, covered or uncovered patio or deck, swimming pool, fence, * * * or permanent improvement on such Lot."
 {¶ 18} Section 10.1 states that, "any Owner who wishes to make any improvement to his or her Lot or dwelling Unit is required to obtain the approval of the Board pursuant to this article prior to making such improvement. Any Owner who makes an Improvement without the prior approval of the Board shall be deemed to be in violation of this Declaration * * * Nothing in this Article shall be deemed to relieve any Owner from Obtaining all necessary consents and permits."
 {¶ 19} The record indicates that the "pool equipment shelter" covers a 10-foot by 12-foot area and has an average height of 8 feet. It has a gable roof that is covered with shingles and is accessed through a 4-foot by 6-foot entry door. Appellant's "pool equipment shelter" was erected as a separate structure from appellant's dwelling. Appellant stated in her deposition that the" pool equipment shelter" is a permanent structure as it is "going to be there as long as the pool and equipment are there."
 {¶ 20} We believe, as did the trial court, that the" pool equipment shelter" is an outbuilding for purposes of the restrictive covenant. SeeDixon v. Bernstein (July 31, 1995), Butler App. Nos. CA94-08-167, CA95-01-003. There is no evidence of any attempt to integrate the" pool equipment shelter" into the home, as it is a separate structure apart from appellant's dwelling. Appellant admitted that it is intended to be a permanent structure meant to last as long as the pool.
 {¶ 21} The "pool equipment shelter" is an "outbuilding" for purposes of the restrictive covenant. Appellant failed to have the plans for her outbuilding reviewed and approved by the Association as required by the Declaration. Therefore, appellant's outbuilding is deemed to be in violation of the Declaration pursuant to section 10.1 the Declaration.
 {¶ 22} No genuine issue of material fact remains to be litigated. Reasonable minds could only reach one conclusion, that the Association is entitled to judgment as a matter of law. Consequently, appellant's first assignment of error is overruled.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "The trial court erred in awarding attorney's fees to the appellee in a declaratory judgment action."
 {¶ 25} Appellant argues that "the trial court erred in granting [the Association] attorney's [sic] fees when Ohio Revised Code Section2721.16(A)(1) forbids the award of attorney's [sic] fees when the declaratory judgment relief sought originated under Ohio Revised Code Chapter 2721 and when [the Association's] prayer for declaratory relief does not constitute enforcement under the * * * Association's declaration enforcement language."
 {¶ 26} In its complaint, filed January 31, 2001, the Association sought a declaratory judgment in Count One. In Count Two, the Association sought permanent injunctive relief, requesting that appellant "either improve the non-conforming structure to comply with the Architectural Standards developed and promulgated by the Association in accordance with the Declaration for Ashwood Home Owner's Association, Inc. or remove the non-conforming structure."
 {¶ 27} Pursuant to Article VII, Section 7.4.4 of the Declaration, the Association is entitled to "any cost associated with the enforcement of this Declaration or the Rules and Regulations of the Association, including but not limited to, attorney fees, witness fees and court costs."
 {¶ 28} Appellant maintains that the Association's "prayer for declaratory relief does not constitute enforcement under the * * * declaration enforcement language." Therefore, appellant argues that attorney fees are precluded pursuant to R.C. 2721.16 because declaratory relief was sought.
 {¶ 29} However, the trial court's decision states, "this is a case involving the enforcement of restrictive covenants declared for plots of land in a subdivision." We agree with the trial court and find the action was for the enforcement of restrictive covenants. Therefore, the Association is entitled to recover attorney fees pursuant to Article VII, Section 7.4.4 of the Declaration.
 {¶ 30} No genuine issue of material fact remains to be litigated. Reasonable minds could only reach one conclusion, that the Association is entitled to the award of attorney fees as a matter of law. Consequently, the second assignment of error is overruled.
Judgment affirmed.
Powell, P.J., and Valen, J., concur.