[Cite as *Haskins v. F. Leo Groff, Inc.*, 2025-Ohio-1850.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Edd Haskins

    Appellant

v.

F. Leo Groff, Inc. et al.

    Appellee

Court of Appeals No. E-24-039

Trial Court No. 2023 CV 222

**<u>DECISION AND JUDGMENT</u>**

Decided: May 23, 2025

* * * * *

Barry W. Vermeeren, for appellant.

Sami Z. Farhat and Philip Truax, for appellee.

* * * *

**DUHART, J.**

{¶ 1} Appellant, Edd Haskins, appeals from a judgment of the Erie County Court of Common Pleas granting summary judgment in favor of appellees, F. Leo Groff, Inc. and Kara Groff (collectively "the Groff defendants"), and denying appellant's motion for

judgment on the pleadings. For the reasons that follow, the trial court's judgment is affirmed.

## Statement of the Case

{¶ 2} On June 5, 2023, Haskins filed a complaint against the Groff defendants, alleging that they breached a real estate sales contract when they failed to close on the transaction. On July 7, 2023, the Groff defendants filed a counterclaim for declaratory judgment, wherein they explained that in selling the subject property, Kara Groff intended to retain an easement to continue using the property's driveway and parking lot, that such intent was referenced in the Residential Property Disclosure Form ("RPDF"), and that Haskins refused to move forward with the transaction if it involved an easement. As relief, the Groff defendants requested the trial court to declare either that the signed purchase offer was null and void based on mistake between the parties or that the Residential Property Disclosure Form ("RPDF") referencing the easement was part of the real estate contract. On August 24, 2023, Haskins amended his complaint to add a claim for fraud wherein he alleged that Kara Groff ("Groff") entered into the agreement knowing that she would never transfer title to the subject premises.

{¶ 3} On September 5, 2023, the Groff defendants filed a motion for summary judgment asking the trial court to dismiss the claims against them and to grant their counterclaim. On January 5, 2024, Haskins filed his own motion for summary judgment. On April 30, 2024, the trial court held oral arguments on the competing motions for summary judgment and on Haskins' motion for judgment on the pleadings. On June 11,

2.

2024, the trial court ruled in favor of the Groff defendants and against Haskins. Haskins filed a timely appeal.

**Statement of the Facts**

{¶ 4} The trial court, in its June 11, 2023 judgment entry, made the following findings of fact:

> FLG [F. Leo Groff, Inc.] owns both the neighboring properties located at 516 W Washington, Sandusky, Ohio ("516 W Washington"), and 604 W Washington, Sandusky, Ohio ("604 W Washington"). The two properties share a driveway and rear parking lot, but these features sit on the 516 W Washington property.
>
> In early 2023, Groff [F. Leo Groff, Inc. and Kara Groff, collectively] decided to sell 516 W Washington, but wanted to retain parking for the benefit of 604 W Washington.
>
> Prior to listing [516 W Washington], Kara [Kara Groff] engaged her real estate agent, Tarina Sidoti ("Sidoti") and explained that retaining an easement was important to her. Based on Sidoti's recommendation, Kara hired a surveyor, who completed a survey and provided information regarding the property lines for purposes of an easement. Both the surveyor and Sidoti explained to Kara that easements are often recorded at closing when the property is transferred. With the understanding that an easement would be recorded at closing, Kara proceeded to list 516 W Washington for sale.
>
> On April 13, 2023, as required by Ohio law, Kara filled out a residential property disclosure form ("RPDF"). Kara expressly wrote that there would be an encumbrance and shared driveway affecting the property. Specifically, she wrote, "Easement for one driveway and rear parking spaces." The parties do not dispute that there was no recorded easement in place when she signed the RPDF, but the document discloses Groff's intent to retain an easement and evidence shows that she [sic] intended to record it at closing.

3.

On April 18, 2023, 516 W Washington was officially listed for sale. In addition to Kara's signed and completed RDPF, Sidoti prepared an "Agent Detail Report" as part of the listing for 516 W Washington and explained 'drive to the east belongs to the property, 3 parking spots in the back are reserved for this parcel,' referencing 604 W Washington. After the listing was made public, Haskins reached out to Sidoti via his real estate agent, Tina Hormell ("Hormell"), to inquire about 516 W Washington. As part of those discussions, Sidoti sent Hormell a photo of a survey showing the planned easement.

On April 21, 2023, Haskins submitted a purchase offer to Groff. In doing so, Haskins reviewed the RPDF, which contained the language regarding the easement Groff intended to retain for one driveway and rear parking spaces, initialed each page of and signed the RPDF. Then Haskins checked a box to incorporate the RPDF into his offer as an addendum. Despite reviewing each page of the RPDF and expressly making it a part of his offer to purchase 516 W Washington, Haskins did not contact Groff or Sidoti about the easement language.

Kara accepted the offer by signing the contract, which included the RPDF and its easement language. She testified via affidavit that she did so with the understanding that the intended easement was disclosed to both Haskins and his agent, and that an easement document would be drafted and recorded at closing.

[P]rior to closing, confusion arose between the parties regarding the intended easement. On May 15, 2023, Sidoti sent Hormell a text message regarding the easement and adding it to the release of contingencies. Hormell's reply text acknowledged their prior knowledge of the easement, but explained that Haskins mistakenly believed that an easement was already in place when he submitted the offer. Haskins then refused to move forward with the transaction if it involved an easement – which was contrary to Haskins' own offer and the terms of the parties' contract.

The parties attempted to resolve the easement issue, but it was clear that there was no path forward. On June 6, 2023, Groff sent a letter to Haskins to terminate the contract.

(Footnote and citations to the record omitted.)

{¶ 5} The trial court concluded that Haskins' incorporation of the RPDF into the real estate contract by reference as an addendum to the real estate contract "effectively superseded and nullified any argument that [Haskins] did not 'approve' Groff's disclosures of an encumbrance and shared driveway, and that an easement would be part of the transaction."

{¶ 6} The court went on to state:

The evidence shows that Groff intended to sell 516 W Washington subject to an easement which Groff intended to have recorded at closing. According to Kara's affidavit testimony, she intended to record the easement at closing. She put the language in the RPDF to alert potential buyers of the intended easement. Haskins reviewed the RPDF, incorporated the intended easement language into his offer, and never asked what Groff meant by the easement. That intent for an easement for a shared driveway and rear parking was memorialized in the parties' fully integrated contract.

The evidence in this case shows that Haskins refused to move forward with the contract if it involved an easement. In effect, his refusal amounts to an anticipatory repudiation of the executed contract, freeing Groff from any further obligations to Haskins under the contract.

On these grounds, and on the alternative grounds of mutual mistake, the trial court found that Haskins had no claim for breach of contract.

5.

**{¶ 7}** The trial court further found that Haskins' claim for fraud was not supported by the facts. First, the trial court found that Haskins had presented no evidence to show that Groff made a false statement with the intent of misleading Haskins. And second, the trial court found that Haskins could not meet the element of justifiable reliance, inasmuch as "the evidence confirms that [Haskins] and his agent were made aware of Groff's intent to retain an easement for the shared driveway and rear parking spaces before the contract was signed, and Haskins' agent's text message admits he was aware that an easement was part of the contract." "Indeed," the court concluded, "Haskins himself made the easement part of the contract when he made the RPDF an addendum to his own offer."

**Assignment of Error**

**{¶ 8}** On appeal, appellant asserts the following assignment of error:

I. The lower court erred in its judgment granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Judgment on the Pleadings upon both Plaintiff's breach of contract and fraud claims, and denying Plaintiff's Motion for Summary Judgment upon both claims as well. When reviewing the grant of a motion for summary judgment, appellate courts review the judgment independently and do not give deference to the trial court. *Schuch v. Rogers* (1996) 113 Ohio App.3d 718, 681 N.E. 2d 1388 (3rd Dist.)

**Law and Analysis**

**Standard of Review**

**{¶ 9}** In his sole assignment of error, Haskins argues that the trial court erred in entering summary judgment against him and in favor of the Groff defendants. On appeal,

the standard of review for denial of a motion for summary judgement is de novo. *Zuniga v. Norplas Industries*, 2012-Ohio-3414, ¶ 11 (6th Dist.). "The appellate court will employ the same standard as the trial court, without deference to it." *Bliss v. Johns Manville,* 2021-Ohio-1673, ¶ 23-26 (6th Dist.), citing *Mike McGarry & Sons, Inc. v. Constr. Resources One, LLC*, 2018-Ohio-528, ¶ 56 (6th Dist.).

{¶ 10} The standard for summary judgment is set forth in Ohio Civil Rule 56(C), which provides in relevant part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶ 11} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party has satisfied the initial burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.* at 293.

7.

**Breach of Contract**

{¶ 12} Haskins initially challenges the trial court's dismissal of his claim for breach of contract. In particular, he takes issue with the trial court's consideration of the RPDF document as part of the real estate purchase agreement. He argues that the RPDF is a document whose purpose is merely to compel a seller to disclose known existing conditions which could negatively impact the property and the buyer's decision to purchase, and is not intended to modify the "actual real estate contract," that is, the RE/MAX Offer to Purchase and Acceptance document, whose terms expressly state that "Seller shall deliver to Purchaser a General Warranty Deed…, conveying a good and marketable title in the Property to the Purchaser free and clear of all liens and encumbrances whatsoever except…easements of record."  In making this argument, however, Haskins ignores the fact that within the RE/MAX contract itself, he included language that states: "Additional terms and conditions are attached hereto with the following addendums: Residential Property Disclosure." With this language, Haskins incorporated the RPDF into the real estate contract by reference.

{¶ 13} "When a document is incorporated into another by reference, both instruments must be read and construed together." *KeyBank Natl. Assn. v. Southwest Greens of Ohio, L.L.C.*, 2013-Ohio-1243, ¶ 21 (10th Dist.), citing *Christe v. GMS Mgt. Co.,* 124 Ohio App.3d 84, 88 (9th Dist.1997). Reading the RE/MAX document together with the RPDF, including language contained in the RPDF that notifies the buyer of an "[e]asement for one driveway and rear parking spaces" as a condition affecting the

8.

property, we find that an easement was intended by both parties to be part of the transaction. This conclusion is bolstered by Haskins' realtor's admission that Haskins knew about the easement but mistakenly believed that it was already in place. Haskins' refusal to move forward with the transaction because it involved an easement was in clear breach of his own contract that he prepared.

{¶ 14} In a further attempt to eliminate the RPDF document from this court's consideration, Haskins complains that the easement language contained in the RPDF erroneously and untruthfully suggests the existence of a currently recorded easement and fails to indicate Groff's "uncommunicated subjective intent" to record the easement at closing. Even assuming there was confusion between the parties as to whether the easement existed at the time the offer was signed, there is no dispute that both parties expected an easement to accompany the transfer of the real property at some point -- either at or by closing. That the easement was not previously recorded but was to be recorded at closing does not change this essential term.

{¶ 15} In construing the subject real estate contract, including the RPDF, we are mindful that courts must "'refrain from inserting or deleting words to a contract while also giving effect to the words used, which we cannot pretend do not exist or have no meaning.'" *Ross v. Menards, Inc.,* 2023-Ohio-2246, ¶ 10 (6th Dist.), quoting *Buehrer v. Meyers*, 2020-Ohio-3207, ¶ 16 (6th Dist.), citing *Cleveland Elec. Illum. Co. v. City of Cleveland*, 37 Ohio St.3d 50 (1988). Thus, in considering the terms included in the RPDF, we give effect to every part of the contract, to the extent possible, rather than

9.

simply "ignor[ing]" the RPDF, as Haskins would have us do. *See DN Reynoldsburg, L.L.C. v. Maurices Inc.,* 2023-Ohio-3492, ¶ 23 (10th Dist.) (in determining the intent of the parties, the court must read the contract as a whole and give effect to every part of the contract, if possible), citing *Clark v. Humes,* 2008-Ohio-640 (10th Dist.)*; Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.,* 78 Ohio St.3d 353, 361-62 (1997).

{¶ 16} Finally, Haskins complains that the RPDF contains a "lie," in that it indicates a "recent boundary change." Both parties acknowledge that there is no "recent boundary change" that is relevant to this case. Even though a box was checked in the RPDF for recent boundary change, this case revolves around language pertaining to an easement and it has nothing to do with any kind of boundary change. Accordingly, we will give no additional consideration to arguments based on a "recent boundary change."

{¶ 17} Construing the evidence most strongly in favor of Haskins, we find there is no genuine issue as to any material fact concerning Haskins' claim for breach of contract and that the Groff defendants are entitled to judgment as a matter of law.

**Fraud**

{¶ 18} Haskins also disputes the trial court's decision dismissing his claim for fraud. An action for common-law fraud requires a plaintiff to show:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the

intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Liberty Aviation Museum, Inc. v. JRM Marine Consulting, LLC*, 2023-Ohio-2982, ¶ 54 (6th Dist.), quoting *Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 49 (1991); *Pierre Invests., Inc. v. CLS Capital Group, Inc.*, 2022-Ohio-4311, ¶ 13 (6th Dist.).

**{¶ 19}** Haskins argues that Groff "hit the trifecta of fraud," in that she "actively concealed and knowingly failed to disclose and intentionally hid a planned massive takeback, knowing she would never close without it." Setting this bald assertion aside, we find that there simply is no evidence to suggest that Groff made any sort of knowing misrepresentation with the intent to mislead during the course of this transaction. Not only was Groff's desire to retain an easement clearly and consistently demonstrated by the evidence, Haskins himself knew very well that an easement would encumber the property he agreed to purchase.

**{¶ 20}** Construing the evidence most strongly in favor of Haskins, reasonable minds can come to but one conclusion and that conclusion is adverse to Haskins. Summary judgment was properly granted in the Groff defendants' favor with respect to Haskins' claim for fraud.

**{¶ 21}** Our determination as to the parties' motions for summary judgment renders moot Haskins' motion for judgment on the pleadings.

**{¶ 22}** Haskins sole assignment of error is found not well-taken.

11.

**Conclusion**

**{¶ 23}** The judgment of the Erie County Court of Common Pleas is affirmed.

Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.
_____ JUDGE

Myron C. Duhart, J.
_____ JUDGE

Charles E. Sulek, P.J.
CONCUR.
_____ JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.