■ AETNA CASUALTY & SURETY et al., Appellants, v OHIO INSURANCE GUARANTY ASSOCIATION, as Agent for CARRIERS INSURANCE COMPANY, et al., Respondents, et al., Defendants.—Judgment unanimously affirmed with costs. Memorandum: The court properly declared the rights and obligations of the parties by adopting defendant Ohio Insurance Guaranty Association's (OIGA's) interpretation of its governing statute (Ohio Rev Code Annot § 3955.01 *et seq.).* Under that statute, OIGA

does not stand in the shoes of the insolvent insurer for all purposes, but is obligated to indemnify only the insured of the insolvent insurer and those possessing "covered claims", defined as those claims against the insured of the insolvent insurer that come within the ambit of an insurance policy issued by the insolvent insurer (see, Ohio Rev Code Annot § 3955.01 [B]; § 3955.08 [A] [1], [2]). OIGA's obligation to indemnify Signs or Compass for Signs' "covered claim" against Compass is, nevertheless, circumscribed by various sections of the Act. In no event would OIGA be obligated to pay more than $300,000 on behalf of the insured (see, Ohio Rev Code Annot § 3955.01 [B] [1]) or to pay more than the coverage limits of the policy issued to the insured by the insolvent insurer (see, Ohio Rev Code Annot § 3955.08 [A] [1]). Moreover, OIGA's obligation to indemnify does not extend to any portion of the covered claim that is covered by other insurance (see, Ohio Rev Code Annot § 3955.01 [B] [2]; § 3955.13). The other insurance that Signs is required to exhaust includes not only the decedent's uninsured motorist coverage and other insurance held by Compass, but also policies of insurance covering other tort-feasors, including F & R's policy with Aetna and Huston's policy with Dairyland (assuming such coverage is available). Finally, to the extent that Signs recovers against Huston or F & R and those judgments are paid by Dairyland or Aetna, neither insurer may maintain a subrogation claim against either Compass or OIGA (see, Ohio Rev Code Annot § 3955.01 [B] [2]). The court's declarations are in accordance with the foregoing provisions of the Code and with its purpose to create a limited fund for the protection of the insureds of insolvent insurers and claimants against those insureds, but not to protect other insurers. (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—Declaratory Judgment.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.