SUTTON, Exr., et al., Appellees,

v.

SCHEIDT et al.; Paulding County Hospital et al., Appellants;
Ohio Insurance Guaranty Association, Appellee.

[Cite as *Sutton v. Scheidt* (2001), 141 Ohio App.3d 289.]

Court of Appeals of Ohio,
Third District, Paulding County.

No. 11–2000–12.

Decided Feb. 2, 2001.

*Joseph O'Neil,* for Kim Sutton et al.

*John D. Wiley,* for Robert B. Scheidt, M.D., et al.

*Timothy Krugh,* for appellant Paulding County Hospital.

*Reminger & Reminger, Clifford C. Masch, Thomas P. Mannion* and *Erin Stottlemyer Gold,* for appellants Ohio Insurance Company and Paulding County Hospital.

*Rosemary D. Welsh,* for appellee Ohio Insurance Guarantee Association.

---

HADLEY, Judge.

The third-party plaintiffs-appellants, OHIC Insurance Company and Paulding County Hospital ("appellants"), appeal the judgment of the Paulding County Court of Common Pleas granting the third-party defendant-appellee, Ohio Insurance Guaranty Association ("OIGA"), summary judgment on the issue of exhaustion. For the following reasons, we affirm the judgment of the trial court.

The pertinent facts and procedural history in this matter are as follows. In 1994, plaintiffs Kathleen[1] and Dewain Freshwater initiated this lawsuit against defendants Robert B. Scheidt, M.D., and the Paulding County Hospital, alleging claims of medical negligence. A trial was held in this matter and the jury returned a verdict in favor of Dr. Scheidt and the hospital. This court affirmed[2]

---

1. Kathleen Freshwater passed away earlier this year, and the litigation is proceeding on behalf of her estate.

2. *Freshwater v. Scheidt* (June 3, 1997), Paulding App. No. 11–96–10, unreported, 1997 WL 362453.

the jury's verdict, but the verdict was later reversed by the Supreme Court of Ohio, due to an evidentiary error and remanded for a new trial.[3]

While these proceedings were pending, Dr. Scheidt's professional liability insurance carrier, PIE Mutual Insurance Company, went into liquidation. As a result, OIGA assumed Dr. Scheidt's defense pursuant to its statutory mandate under R.C. Chapter 3955. The Paulding County Hospital and its insurer, OHIC Insurance Company, filed a third-party complaint against OIGA. The hospital and OHIC sought a declaration that the exhaustion language of R.C. 3955.13(A) does not require exhaustion of OHIC's insurance coverage before the OIGA becomes obligated to make a payment on the claim for the liability of Dr. Scheidt.

The trial court treated OHIC's motion for declaratory judgment as a motion for summary judgment and ruled in favor of OIGA. The trial court held that the "exhaustion provision contained in Section 3955.13(A) of the Ohio Revised Code applies to policies of insurance issued to joint tortfeasors as well as to policies of insurance issued to the insured of the insolvent insurer." It is from this judgment that the appellants now appeal, asserting three assignments of error.

█  Before addressing the merits of the appellants' contentions, it is necessary to set forth the standard of review in this matter. In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388, 1389–1390. Accordingly, we apply the same standard for summary judgment as did the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414.

█  Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196, 1201–1203. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any,

---

3. *Freshwater v. Scheidt* (1999), 86 Ohio St.3d 260, 714 N.E.2d 891.

timely filed in the action. Civ.R. 56(C). Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial. *Dresher v. Burt,* 75 Ohio St.3d at 293, 662 N.E.2d at 273–274.

"Assignment of Error No. 1

"The trial court erred in granting summary judgment in favor of the OIGA where the OIGA's position that the hospital's insurance must be exhausted before triggering the OIGA's duty of indemnification is contrary to the express dictates of R.C. 3955.13(A) and contravenes the underlying purpose of the Ohio Insurance Guarantee Act."

■ In their first assignment of error, the appellants contend that the trial court erred in declaring that the exhaustion provision contained in R.C. 3955.13(A) applies to policies of insurance issued to joint tortfeasors as well as to policies of insurance issued to the insured of the insolvent insurer. For the following reasons, we disagree.

R.C. 3955.13(A) provides:

"Any person having a covered claim upon which recovery is also presently possible under an insurance policy written by another insurer shall be required first to exhaust his rights under such other policy."

In *Vickers v. Howe* (1998), 123 Ohio App.3d 456, 704 N.E.2d 344, the Fifth District Court of Appeals considered the applicability of the statute to a case involving joint tortfeasors. In *Vickers,* the court concluded that the mere fact that more than one company with a solvent insurer may be involved does not alter the interpretation of the language contained in R.C. 3955.13(A). *Id.* at 461, 704 N.E.2d at 347; see, also, *Spencer v. Nussbaum* (June 19, 2000), Knox App. No. 00–CA–1, unreported, 2000 WL 873648. The court cited the Supreme Court of Ohio's ruling in *PIE Mut. Ins. Co. v. Ohio Ins. Guar. Assn.* (1993), 66 Ohio St.3d 209, 611 N.E.2d 313, stating:

"The Ohio Insurance Guaranty Association Act, R.C. Chapter 3955, was designed to protect insureds and third-party claimants from a potentially catastrophic loss due to the insolvency of a member insurer. To this end, OIGA assumes the place of the insolvent insurance carrier for·liability purposes only and provides insurance coverage when no other insurance is available to compensate valid claims."

The court in *Vickers* divided R.C. 3955.13(A) into three phrases and interpreted the language of each phrase. The first phrase of the statute is "any person

having a covered claim." *Vickers*, 123 Ohio App.3d at 460, 704 N.E.2d at 346. The definition of covered claims is provided in R.C. 3955.01(D)(1):

" 'Covered claim' means an unpaid claim, including one for unearned premiums, which rises out of and is within the coverage of an insurance policy to which sections 3955.01 to 3955.19 of the Revised Code apply, when issued by an insurer which becomes an insolvent insurer on or after September 4, 1970, and either of the following applies:

"* * *"

The appellants claim that when R.C. 3955.13(A) is read in conjunction with the definition of "covered claim," it becomes evident that the exhaustion requirement is intended to apply to policies of insurance that directly cover the claim against the insured of the insolvent insurer. We fail to follow the appellants' reasoning given in support of this contention. The statute provides a definition of a "covered claim" and in applying this definition to the facts in the record, we find that the claim asserted in this case falls within the definition of a covered claim.

The next phrase of R.C. 3955.13(A) that must be analyzed is "upon which recovery is also presently possible under an insurance policy written by another insurer." *Id.* The court held that "the phrase 'another insurer' is not limited to other solvent insurers of that particular tortfeasor whose insurer is insolvent." We agree with the court in *Vickers* and find that the plaintiffs in this action are required to exhaust all rights of recovery against not only a solvent company that may also be insuring Dr. Scheidt, but all solvent companies that are insuring any tortfeasor in this action. The last phrase to be evaluated is "shall be required first to exhaust his rights under such other policy." The use of the word shall makes exhaustion mandatory. *Id.* at 460, 704 N.E.2d at 346–347.

The Supreme Court of New York addressed this very issue in *Aetna Cas. & Sur. v. Ohio Ins. Guar. Assn.* (1991), 175 A.D.2d 621, 573 N.Y.S.2d 942. The court interpreted R.C. Chapter 3955 and found that R.C. 3955.13(A) requires exhaustion of all policies of insurance, including those of other tortfeasors. The court held that the OIGA's obligation to indemnify did not extend to any portion of the covered claim that is covered by other insurance. *Id.* at 622, 573 N.Y.S.2d at 943.

The legislative history of the OIGA Act also supports the conclusion that exhaustion of all rights of recovery against the solvent company is required before the OIGA is responsible in damages. The legislature stated that "[c]laim-ants against insolvent companies who also have a right to recover against a solvent company are required to first exhaust all rights of recovery against the solvent company. Any amounts payable under this bill shall be reduced by the amount of such recovery." Summary of 1970 Am.Sub.H.B. No. 1121, 133 Ohio

Laws, Part III, 2937, codified at R.C. Charter 3955, reprinted in Ohio Legislative Service Commission, Summary of 1970 Enactments (1970) 99. A plain reading of the language of the statute, as well as the legislative history behind the Act, reveals the General Assembly did not intend for a different result when more than one tortfeasor is involved. If it had, it could have addressed this issue in the statute. *Vickers*, 123 Ohio App.3d at 461, 704 N.E.2d at 347.

We follow the ruling and rationale of our sister court in *Vickers* and find that absent a specific provision in the statute providing for a different result when more than one tortfeasor is involved, the exhaustion of all rights of recovery against any solvent insurance company involved in the claim is mandatory before OIGA is responsible in damages.

Accordingly, the appellants' first assignment of error is overruled.

### "Assignment of Error No. 2

"The trial court erred in granting summary judgment in favor of the OIGA where the OIGA's exhaustion position contravenes public policy that favors resolution of litigation through compromise and settlement.

### "Assignment of Error No. 3

"The trial court erred in granting summary judgment is favor of the OIGA where the OIGA's exhaustion position contravenes traditional principles of joint and several liability."

In their second and third assignments of error, the appellants contend that the trial court's interpretation of R.C 3955.13(A) is contrary to public policy. The appellants argue that requiring a plaintiff to exhaust all rights of recovery against the solvent insurance companies of all the tortfeasors discourages settlement and contravenes the doctrine of joint and several liability. The appellants contend that the exhaustion provision makes liability a function of the amount of total insurance a tortfeasor has as opposed to his relative fault.

The purpose behind the formation of OIGA is to provide a degree of protection to both insureds and injured parties against insolvent insurance companies. Without such protection, insureds and claimants would be subject to enormous financial loss when an insurance company becomes insolvent. An insured would be totally unprotected when he or she has a valid claim against an insolvent insurance company and an injured party may be limited to the individual tortfeasor's personal assets, which could possibly be far less than the protection provided by the OIGA. The protection provided by the OIGA outweighs any inhibition the parties might experience during settlement negotiations.

Furthermore, the court in *Vickers* held that judicial economy is enhanced when all possible parties are joined and claims are litigated in one proceeding. This could eliminate the need for subsequent contribution actions, as issues regarding a specific tortfeasor's percentage of liability would be determined in one proceeding. *Id.* at 463, 704 N.E.2d at 348–349.

Accordingly, the appellants' second and third assignments of error are not well taken and are overruled.

Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

WALTERS, P.J., and THOMAS F. BRYANT, J., concur.