JOHN KLAIBER *et al.*, Plaintiffs, v. DYTEC CENTRAL, INC., *et al.*, Defendants (WBBM-FM Radio (Liberty Mutual Fire Insurance Company, Real Party in Interest), Cross-Plaintiff-Appellant; Trizechahn Office Properties, Inc. (California Insurance Guarantee Association, Real Party in Interest), Cross-Defendant-Appellee).

First District (5th Division)   No. 1—04—1131

Opinion filed September 16, 2005.

Meachum, Spahr, Cozzi, Postel & Zenz, of Chicago (Joseph P. Postel and Thomas W. Starck, of counsel), for appellant.

Lord, Bissell & Brook, L.L.P., of Los Angeles, California (C. Guerry Collins, of counsel), and Lord, Bissell & Brook, L.L.P., of Chicago (Hugh C. Griffin and Richard P. Stowell, of counsel), for appellee.

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Liberty Mutual Fire Insurance (Liberty) appeals the trial court's entry of a declaratory judgment in favor of the California Insurance Guarantee Association (CIGA), which required Liberty to pay a $622,855.06 judgment awarded to an injured individual. On appeal, Liberty contends that CIGA was responsible to pay the portion of the judgment attributable to joint tortfeasor Trizechahn Office Properties, Inc. (Trizechahn), because the judgment obligation was a "covered claim" under California Insurance Code section 1063.1 (Cal. Ins. Code § 1063.1 (West 2004)). For the reasons that follow, we affirm.

This appeal relates to underlying litigation initiated by John Klaiber, who suffered from radio wave injuries that he sustained while painting an antenna located on a radio tower on top of the Sears Tower. Although numerous defendants settled prior to trial, WBBM-FM Radio (WBBM) and Trizechahn did not settle with Klaiber and the matter proceeded to trial. WBBM was one of the stations broadcasting from the antenna that Klaiber was working on when the accident occurred. Trizechahn managed the Sears Tower.

At the time of the accident, Liberty insured WBBM and Reliance Insurance Company (Reliance) insured Trizechahn. Prior to trial, however, Reliance went into liquidation. CIGA assumed Reliance's insurance obligations since Reliance was insolvent and Trizechahn is a California corporation.

During trial, WBBM and Liberty and Trizechahn and CIGA agreed that the parties would be bound by the jury-determined fault percentages relating to the accident giving rise to Klaiber's injuries. The parties also agreed that CIGA would have the right to litigate and Liberty to respond to the issue of whether CIGA was obligated to pay the claim based on the "insurer of last resort" provision set forth in section 1063.1. The parties further agreed to withdraw contribution claims each had against the other.

The jury returned a verdict in favor of Klaiber and against WBBM and Trizechahn, finding both parties jointly and severally liable. The jury also determined that Trizechahn was 40% at fault and WBBM was 25% at fault. The remaining 35% fault allocation was attributable to defendants that settled with Klaiber prior to trial. On April 6, 2004, the trial court entered a modified judgment after applying setoffs for previous settlements in the amount of $610,492.84, plus accrued interest for a total award of $622,855.06. Based on the jury-determined fault proportion, Trizechahn was liable for 40/65 of the judgment amount, which is equivalent to $383,295.42, and WBBM was liable for 25/65 of the judgment amount, which is equivalent to $239,559.64, subject to CIGA's statutory position that it is not obligated to pay because it is an "insurer of last resort." Since WBBM and Trizechahn were found jointly and severally liable, Klaiber elected to collect the entire judgment from WBBM. As WBBM's insurer, Liberty paid the full judgment to Klaiber. CIGA and Liberty then filed cross-motions for declaratory relief concerning CIGA's obligation to pay the judgment against Trizechahn. The trial court ruled that CIGA's obligation to pay the judgment attributable to Trizechahn did not arise because exhaustion of Liberty's policy would fully satisfy the judgment. The trial court entered a declaratory judgment in favor of CIGA and against Liberty. Liberty timely appealed.

The issue on appeal is whether a solvent insurer's policy must be exhausted before CIGA is obligated to pay on behalf of a joint tortfeasor whose insurance carrier became insolvent. The definition of the phrase "covered claims" as set forth in the CIGA statute is at issue here. Following is the statutory definition of the phrase "covered claims" in pertinent part:

"(c)(1) 'Covered claims' means the obligations of an insolvent insurer, including the obligation for unearned premiums, (i) imposed by law and within the coverage of an insurance policy of the insolvent insurer.

\* \* \*

(c)(9) 'Covered claims' shall not include (i) any claim to the extent it is covered by any other insurance of a class covered by \*\*\* this article available to the claimant or insured nor (ii) any claim by any person other than the original claimant under the insurance policy in his or her own name \*\*\*." Cal. Ins. Code §§ 1063.1(c)(1), (c)(9) (West 2004).

Since we are required to analyze the above statutory provisions in this appeal, our standard of review is *de novo. Czerkies v. AG Acceptance Corp.*, 354 Ill. App. 3d 205, 207, 820 N.E.2d 1133, 1135 (2004).

Liberty contends on appeal that the trial court erred in ruling that CIGA was not obligated to pay the portion of the judgment representing Trizechahn's liability because, even though the Liberty policy was sufficient to pay the entire judgment, Liberty did not insure Trizechahn. Liberty maintains that the distinction between other insurance covering the occurrence and other insurance covering the "covered claim" supports its position that it was not liable to pay the portion of the judgment allocated to Trizechahn. Liberty claims that although its policy may cover the "occurrence" because it insured one of the tortfeasors, the policy does not cover the "covered claim" because it does not insure Trizechahn. Liberty maintains that section 1063.1 does not refer to "occurrences," but rather "covered claims," which is statutorily defined as "the obligations of an insolvent insurer." See *CD Investment Co. v. California Insurance Guarantee Ass'n*, 84 Cal. App. 4th 1410, 1424, 101 Cal. Rptr. 2d 806, 813 (2000). Liberty notes that Reliance is the insolvent insurer and the "covered claim" is the claim that Reliance insured against Trizechahn. Liberty contends that only other insurance covering that claim against Trizechahn, and not covering the occurrence giving rise to Klaiber's claim, must be exhausted before CIGA is obligated to pay the judgment against Trizechahn. Liberty contends that because it does not cover the claim against Trizechahn, the Liberty policy is not required to be exhausted before CIGA is obligated to pay.

CIGA responds that the plain language of the "covered claims" statutory language and the intent underlying the purpose of that statute support the trial court's ruling that the Liberty policy must be exhausted before CIGA is obligated to pay a portion of the judgment awarded to Klaiber. CIGA contends that it is only liable for an insolvent insured's claims that fall within the statutory definition of "covered claims" as set forth in section 1063.1. CIGA notes that the legislature's intent was to create CIGA to serve as a "fund of last resort" obligated to pay under an insurance policy after all of the other insurance from solvent insurers has been exhausted. See *California Insurance Guarantee Ass'n v. Workers' Compensation Appeals Board*, 112 Cal. App. 4th 358, 367, 5 Cal. Rptr. 3d 127, 135 (2003) (hereinafter *Mangum*). CIGA claims that the entry of joint and several liability against WBBM and Trizechahn for the total judgment award of $622,855.06 permitted Klaiber to exercise his right to collect the entire judgment from Liberty, which resulted in other insurance available to the claimant or insured regardless of whether Liberty insured Trizechahn. See *Industrial Indemnity Co. v. Workers' Compensation Appeals Board*, 60 Cal. App. 4th 548, 556, 70 Cal. Rptr. 2d 295, 300 (1997). CIGA contends that since other insurance was available to "cover" the entire judgment awarded to Klaiber, his claim was "fully protected by a solvent insurer" and there was no "covered claim" requiring payment by CIGA pursuant to section 1063.1(c)(9). See *Mangum*, 112 Cal. App. 4th at 365, 5 Cal. Rptr. 3d at 133. CIGA maintains that the trial court's ruling that Liberty, or the solvent insurance carrier here, was solely responsible for paying the entire judgment was in accordance with the express, unequivocal "other insurance" language of section 1063.1(c)(9) and with the recognized intent and purpose of the CIGA provisions.

We agree with CIGA. In the instant case, we are required to review and analyze the definition of the phrase "covered claims" set forth in the CIGA statutes. In doing so, we must be mindful of the underlying intent regarding the creation of CIGA, which is well articulated in California law. Our review of the relevant case law reveals that CIGA was created as an insurer of last resort. *Mangum*, 112 Cal. App. 4th at 366, 5 Cal. Rptr. 3d at 134; *CD Investment Co.*, 84 Cal. App. 4th at 1418-19, 101 Cal. Rptr. 2d at 810, quoting *R.J. Reynolds Co. v. California Insurance Guarantee Ass'n*, 235 Cal. App. 3d 595, 600, 1 Cal. Rptr. 2d 405, 408 (1991). As such, CIGA is "responsible for paying claims only when no other insurance is available." *Mangum*, 112 Cal. App. 4th at 367, 5 Cal. Rptr. 3d at 134. See *Denny's Inc. v. Workers' Compensation Appeals Board*, 104 Cal. App. 4th 1433, 1441-42, 129 Cal. Rptr. 2d 53, 59 (2003). CIGA's liability is limited to paying

"covered claims" only. *California Insurance Guarantee Ass'n v. Workers' Compensation Appeals Board*, 128 Cal. App. 4th 307, 313, 26 Cal. Rptr. 3d 845, 848 (2005) (hereinafter *American Motorists Insurance Co.*); *Baxter Healthcare Corp. v. California Insurance Guarantee Ass'n*, 85 Cal. App. 4th 306, 310, 102 Cal. Rptr. 2d 87, 90 (2000). The phrase "covered claims" means "the obligations of an insolvent insurer" subject to expressly enumerated statutory exclusions. Cal. Ins. Code § 1063.1(c)(1) (West 2004). Covered claims do not include "(i) any claim to the extent it is covered by any other insurance of a class covered by *** this article available to the claimant or insured." Cal. Ins. Code § 1063.1(c)(9) (West 2004).

We acknowledge Liberty's position that its policy did not expressly cover Trizechahn; however, we note that the Liberty policy was sufficient to pay the claim brought by Klaiber in its entirety and WBBM was found jointly and severally liable for this claim. Klaiber, as was his right, elected to recover the entire judgment out of Liberty's policy. We believe that to order CIGA to pay a proportionate amount of the judgment would defeat the purpose of CIGA and the legislative intent regarding the creation of CIGA. We are reminded that CIGA is not an insurer and does not stand in the shoes of an insurer but, rather, is an insurer of last resort. See *Mangum*, 112 Cal. App. 4th at 367, 5 Cal. Rptr. 3d at 134; *CD Investment Co.*, 84 Cal. App. 4th at 1418-19, 101 Cal. Rptr. 2d at 810, quoting *R.J. Reynolds Co. v. California Insurance Guarantee Ass'n*, 235 Cal. App. 3d 595, 600, 1 Cal. Rptr. 2d 405, 408 (1991); *Saylin v. California Insurance Guarantee Ass'n*, 179 Cal. App. 3d 256, 262, 224 Cal. Rptr. 493, 496 (1986). Here, we do not consider it necessary to call upon CIGA to provide coverage as an insurer of last resort when other sufficient insurance is available. See *Mangum*, 112 Cal. App. 4th 358, 5 Cal. Rptr. 3d 127.

Liberty cites to numerous statutes and decisions outside California to support its position that its policy should not be exhausted to pay the portion of the judgment against Trizechahn. One statute cited by Liberty was the Ohio non-duplication-of-recovery statute. See Ohio Rev. Code Ann. § 3955.13(A) (West 2005). While the Ohio statutory language does not mirror the language of the California insurer-of-last-resort statute, the underlying purpose of both statutes is to protect insured and injured parties against insolvent insurance companies. See *Vickers v. Howe*, 123 Ohio App. 3d 456, 462, 704 N.E.2d 344, 347 (1998). While not precedential, we are persuaded by the Ohio Court of Appeals' decisions in *Sutton v. Scheidt*, 141 Ohio App. 3d 289, 750 N.E.2d 1184 (2001), *Spencer v. Nussbaum*, No. 00—CA—1 (Ohio App. June 19, 2000), and *Vickers v. Howe*, 123 Ohio App. 3d 456, 704 N.E.2d 344 (1998), which were relied on by Liberty. In these three decisions,

the Ohio Court of Appeals consistently held that exhaustion of all insurance policies, including those of other tortfeasors, is required before the Ohio Insurance Guarantee Association is responsible for paying a claim. *Sutton*, 141 Ohio App. 3d at 295, 750 N.E.2d at 1189; *Spencer*, slip op. at 2; *Vickers*, 123 Ohio App. 3d at 461, 704 N.E.2d at 347. Applying the holdings of these three Ohio cases to the instant case while mindful of the purpose and language of CIGA, we believe that Liberty's policy must be exhausted before CIGA is required to pay the portion of the judgment attributable to Trizechahn.

Moreover, we are guided by the California Court of Appeals decision in *Denny's Inc. v. Workers' Compensation Appeals Board*, 104 Cal. App. 4th 1433, 129 Cal. Rptr. 2d 53 (2003). In *Denny's Inc.*, an employee of Denny's Inc. suffered from a work-related cumulative wrist injury and sought workers' compensation benefits relating to the injury. *Denny's Inc.*, 104 Cal. App. 4th at 1436, 129 Cal. Rptr. 2d at 55. The Workers' Compensation Appeals Board in *Denny's Inc.* found Denny's Inc. and HIH America jointly and severally liable for the disability award since both entities insured Denny's Inc. during the course of the employee's injury. *Denny's Inc.*, 104 Cal. App. 4th at 1442, 129 Cal. Rptr. 2d at 59-60. The California Court of Appeals held that since the employee "could recover the full award from Denny's self-provided 'other insurance,' the Guarantee Act prevented CIGA from assuming insolvent HIH America's proportionate share." *Denny's Inc.*, 104 Cal. App. 4th at 1442, 129 Cal. Rptr. 2d at 60. While the claim in the instant case is not a claim for workers' compensation, we nonetheless find the holding in *Denny's Inc.* instructive since the insureds here and in *Denny's Inc.* were jointly and severally liable for a claim. Thus, we conclude that CIGA in the instant case is also prevented from paying Trizechahn's proportionate share of the judgment awarded to Klaiber because the claim is covered by other available insurance.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

O'BRIEN and NEVILLE, JJ., concur.